## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 19 2018, 9:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ronald J. Moore
The Moore Law Firm, LLC
Richmond, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Billy Joe Freeman,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 19, 2018

Court of Appeals Case No.
89A05-1710-CR-2526

Appeal from the Wayne County
Superior Court 3

The Honorable Darrin M.
Dolehanty, Judge

Trial Court Cause No.
89D03-1703-F6-104

**Vaidik, Chief Judge.**

# Case Summary

[1] Billy Joe Freeman pled guilty to Level 6 felony operating a vehicle with an alcohol concentration equivalent to at least 0.15 gram of alcohol per 100 milliliters of blood and admitted that he is a habitual vehicular substance offender (HVSO). The trial court imposed a sentence of two years enhanced by five years for the HVSO finding. Freeman now appeals, arguing that his seven-year sentence is inappropriate. We affirm.

# Facts and Procedural History

[2] By March 2017, Freeman, age forty-six, had amassed "a fairly amazing criminal record" consisting of twenty-three convictions (eight of which were felonies). Tr. Vol. II p. 73. At least ten of the twenty-three convictions were for alcohol-related offenses, including four for operating while intoxicated (1993, 2002, 2004, and 2013). For his convictions, Freeman has been sentenced to jail time, suspended jail time, prison time, suspended prison time, informal probation, formal probation, fines, community service, license suspensions, home detention, and substance-abuse treatment. Significantly, in 2007, Freeman was sentenced to ten years in prison for possession of a controlled substance and being a habitual substance offender. In addition, Freeman has had his probation revoked three times and his home detention revoked once.

[3] On March 3, 2017—while Freeman was out on pretrial bond for charges of residential entry, resisting law enforcement, and battery resulting in bodily

injury—a Richmond Police Department officer pulled over Freeman for failing to signal a turn. During the stop, the officer observed that Freeman showed signs of intoxication, including the odor of an alcoholic beverage, impaired dexterity, and imbalance. Freeman admitted that he had consumed beer before driving. Freeman agreed to take a blood test, which revealed that he had an alcohol concentration equivalent to 0.226 gram of alcohol per 100 milliliters of his blood, which is nearly three times the legal limit.

[4] Thereafter, the State charged Freeman with Count I: Level 6 felony operating a vehicle while intoxicated (based on a prior conviction within five years) and Count II: Level 6 felony operating a vehicle with an alcohol concentration equivalent to at least 0.15 gram of alcohol per 100 milliliters of blood (based on a prior conviction within five years). The State also alleged that Freeman was an HVSO based on his 2004 and 2013 operating-while-intoxicated convictions.

[5] After several continuances (requested mostly by Freeman), a jury trial was set for Wednesday, August 23, 2017. On the Monday before trial, Freeman filed a notice of intent to plead guilty. A guilty-plea hearing was held that day. Freeman pled guilty to Count II and admitted being an HVSO. In exchange, the State dismissed Count I. There was no agreement as to Freeman's sentence. The court accepted Freeman's guilty pleas and set the matter for sentencing.

[6] At the sentencing hearing, the trial court identified two aggravators: (1) Freeman's "abysmal criminal record" and (2) the fact that many of Freeman's

twenty-three prior convictions are "directly related to the current conviction, in that they involve the operation of a motor vehicle, the abuse of alcohol or drugs, and on four (4) occasions a combination of the two." Appellant's App. Vol. II p. 73. The court identified the following mitigators: (1) no one was injured as a result of this offense; (2) Freeman accepted responsibility by pleading guilty; however, the court found that this mitigator was "absolutely hampered by the fact that it was done basically a day and a half before trial" when they already had "forty (40) plus members of the community ordered to make arrangements to reschedule their lives"; (3) he cared for his children, ages ten and fourteen; however, he did not have a plan for them once he became incarcerated; (4) he cared for his mother, who was in poor health; (5) he had been employed for two years; and (6) he was described by some as "a good neighbor." Tr. Vol. II p. 76. Concluding that the aggravators outweighed the mitigators, the trial court sentenced Freeman to an above-advisory term of two years for Count II, enhanced by five years for being an HVSO.

[7] Freeman now appeals his sentence.

# Discussion and Decision

[8] Freeman contends that his seven-year sentence is inappropriate because "[h]is current character is not reflective of the lengthy record he has amassed." Appellant's Br. p. 17. Indiana Appellate Rule 7(B) provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in

light of the nature of the offense and the character of the offender."
"[S]entencing is principally a discretionary function in which the trial court's
judgment should receive considerable deference." *Cardwell v. State,* 895 N.E.2d
1219, 1222 (Ind. 2008). "Such deference should prevail unless overcome by
compelling evidence portraying in a positive light the nature of the offense (such
as accompanied by restraint, regard, and lack of brutality) and the defendant's
character (such as substantial virtuous traits or persistent examples of good
character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). Whether we
regard a sentence as inappropriate ultimately "turns on our sense of the
culpability of the defendant, the severity of the crime, the damage done to
others, and myriad other factors that come to light in a given case." *Cardwell*,
895 N.E.2d at 1224.

[9]   In order to assess the appropriateness of a sentence, we first look to the
statutory range for each level of offense. Here, Freeman committed a Level 6
felony and was found to be an HVSO. Thus, the trial court had the discretion
to sentence Freeman to a term of up to ten-and-a-half years in prison. *See* Ind.
Code § 35-50-2-7 (providing that a person who commits a Level 6 felony shall
be imprisoned for a fixed term of between six months and two-and-a-half years,
with an advisory sentence of one year); Ind. Code § 9-30-15.5-2 (providing that
a person found to be an HVSO shall be sentenced to an additional term of at
least one year but not more than eight years). The trial court sentenced
Freeman to two years for the Level 6 felony, enhanced by five years for the

HSO finding, for a total of seven years in prison—three-and-a-half years less than the maximum.

[10] The nature of the offense is, for the most part, unremarkable. Freeman operated a vehicle with an alcohol concentration equivalent to 0.226 gram of alcohol per 100 milliliters of his blood, which is significantly higher than the 0.15 required for the conviction. But as Freeman points out on appeal, there was "no damage to property or persons." Appellant's Br. p. 16. Freeman's character, though, is sufficient, standing alone, to support his seven-year sentence. This is Freeman's twenty-fourth conviction—and fifth drunk-driving conviction. For his convictions, the courts have employed a wide array of sentencing options, such as prison time (including a ten-year sentence), jail time, suspended prison and jail time, probation, fines, community service, license suspensions, home detention, and substance-abuse treatment. He has had his probation revoked three times and his home detention revoked once. In addition, he was out on bond when he committed this offense. Despite all the opportunities that the courts have given Freeman to reform his conduct, he has squandered them all.

[11] Nevertheless, Freeman claims that there are redeeming aspects to his character that warrant revising "his sentence downward and/or includ[ing] a suspended portion to allow him a chance at rehabilitation." *Id.* at 18. He highlights taking care of his sick mother and two children, being employed for two years, and being "a good neighbor." However, as the trial court remarked at sentencing:

Because if in fact he is a great neighbor, and if he is in fact a great and responsible dad, he wouldn't be here. And so he is the one that chose to put all of that at risk and sacrifice his status as a good neighbor, his status as a caretaker for his mother who needs him desperately, his status as a caretaker for his two (2) children ten (10) and fourteen (14) years old, and all of those other things by what he chose to do.

Tr. Vol. II p. 68. We agree with the trial court's observation on this point. Accordingly, we conclude that Freeman's casual and continued disregard of the law supports his less-than-maximum sentence of seven years.

[12]    Affirmed.

May, J., and Altice, J., concur.